EN EL TRIBUNAL FEDERAL DE PRIMERA INSTANCIA
DEL DISTRITO DE COLORADO

Nro. de Causa Penal: 22-cr-00226-DDD

LA FISCALÍA FEDERAL DE EEUU,

    Parte Acusatoria,

contra

RICHER BRIYAN VALLE-RAUDALES,
    Alias Richer Brayan Valle-Raudales,

    El imputado.

## CONVENIO RESOLUTORIO

Por medio de la presente, La Fiscalía Federal de EEUU a través del Fiscal Federal Cole Finegan y del Subfiscal Federal Albert Buchman, ambos del Distrito de Colorado y el imputado Richer Briyan Valle-Raudales, personalmente y por medio de su Defensor Público Federal Jared Westbroek presentamos el siguiente Convenio Resolutorio conforme a lo dispuesto en la Norma 11.1 de las Normas Locales del Distrito de Colorado. Este convenio vincula únicamente a la División de lo Penal de la Fiscalía Federal del Distrito de Colorado y al imputado.

### I.    CONVENIO RESOLUTORIO

**A.**    *Declaración de culpable del imputado:*

El imputado acepta:

1º    declararse culpable al único punto de acusación del escrito inculpatorio que le acusa de quebrantar el artículo 1326(a) del Capítulo 8 del Código Federal: reingreso ilícito al país de un extranjero deportado previamente, acordando que aplica un aumento de la condena según el art. 1326(b)(1) del Capítulo 8 del Código Federal,

2º    renunciar a ciertos derechos de apelación e impugnación indirecta como se explican al detalle a continuación,

3º    reconocer la pretensión de un quebrantamiento de Clase C en la casusa número 22-cr-00240-DDD y

Court's Exhibit 1A
22-cr-00226

1

4º  solicitar una condena de un mínimo de 8 meses de privación de libertad en la causa actual.

### B. *Obligaciones de la Fiscalía Federal:*

Este convenio se lleva a cabo conforme a la Norma 11(c)(1)(B) del Código Federal de Procedimientos Penales. A cambio de la declaración de culpable del imputado y de su renuncia a ciertos derechos de apelación la fiscalía Federal acepta:

1º  solicitar una condena de 8 meses de privación de libertad en la causa actual,

2º  siempre y cuando el imputado no se dedique a una conducta prohibida o de lo contrario se implique en algo descrito en los artículos 3C1.1 y 3E1.1, cmt. n. 4 del Manual de Pautas de Sentencias en el periodo comprendido entre su declaración de culpable y la imposición de la pena en esta causa, la Fiscalía acepta que el imputado debería recibir una reducción de dos niveles con respecto al nivel del delito por aceptar la responsabilidad penal conforme al artículo 3E1.1(a) del Manual de Pautas de Sentencias y acuerda radicar un pedimento solicitando que el imputado reciba un nivel de reducción con respecto al nivel del delito por aceptar la responsabilidad penal conforme al artículo 3E1.1(b) del Manual de Pautas de Sentencias.

3º  en la causa número 22-cr-00240-DDD del Distrito de Colorado, una vez que el imputado reconozca el quebrantamiento de Clase C: 1) retirar todas las pretensiones restantes, 2) solicitar una condena de cuatro meses de privación de libertad y 3) recomendar que toda condena impuesta por el quebrantamiento a las medidas cautelares de la libertad vigilada (*Probation*) se cumplan de manera sucesiva a toda condena impuesta en la causa actual.

### C. *Convenio de resolución anticipada ("Vía Rápida):*

Este convenio resolutorio se lleva a cabo conforme al programa de resolución anticipada del distrito de Colorado (vía rápida) basado en el artículo 5K3.1 del Manual de Pautas de Sentencias ("programas de resolución anticipada"). La Fiscalía acepta radicar un pedimento de desviación de un nivel por debajo de la escala penal conforme al Artículo 5K3.1 del Manual de Pautas de Sentencias ("programas de resolución anticipada"). Aunque el imputado no reúne los requisitos para una desviación de tres niveles por debajo de la escala penal, a cambio del pedimento de desviación por debajo de la escala penal de un nivel, el imputado acepta renunciar a ciertos derechos de apelación como se pormenorizan a continuación. Las partes entienden que las escalas penales son únicamente recomendaciones. La Fiscalía y el imputado estipulan y acuerdan que esta resolución por

2

la vía rápida es adecuada y resulta en una condena que fomenta los objetivos de sentencias establecidos en el Artículo 3553(a) del capítulo 18 del código Federal.

**D.    *Renuncia del Imputado a la Apelación:***

El imputado está consciente que el artículo 3742 del Capítulo 18 del Código Federal le otorga el derecho de apelar la condena, incluido el modo en el cual ésta se determinó. Habiendo entendido esto y a cambio de las concesiones de la Fiscalía Federal en este convenio, el imputado a sabiendas y voluntariamente renuncia al derecho de apelar cualquier tema con relación a este proceso judicial, condena o pena, (incluido la orden de reparación del daño) a menos que se cumpla alguno uno de los siguientes requisitos:

1) La pena excede de la pena máxima que dispone la ley de condena según los artículos 1326(a) y (b)(1) del capítulo 18 del código Federal,

2) la pena excede del punto máximo de la escala penal recomendada en las pautas de sentencias que le aplican al imputado con su categoría de antecedentes penales (como la determine el Juez ejecutor) con un nivel de delito total 13, o

3) La Fiscalía Federal apela la pena impuesta.

Si aplicara el primer requisito, el imputado podrá apelar únicamente sobre el tema de cómo su condena excede de la máxima que permite la ley. Sin embargo, si aplicara alguno de los dos últimos requisitos, el imputado podría presentar una apelación por cualquier justificante que tenga disponible de manera adecuada en una apelación que procede después de su declaración de culpable.

El acusado a sabiendas y voluntariamente renuncia además al derecho de impugnar indirectamente este proceso judicial, la condena o la pena (incluido la orden de la reparación del daño) en cualquier impugnación indirecta (incluido, pero no limitado a todo pedimento presentado según el artículo 2255 del Capítulo 28 del Código Federal). Este precepto de renuncia no le impide al imputado solicitar algún recurso que pueda tener disponible en una impugnación indirecta por alguna de los siguientes justificantes:

1)   El imputado debería recibir el beneficio de un cambio explícitamente retroactivo en las escalas penales o en las leyes de imposición de penas,

2)     el imputado se encontró en estado de indefensión por asistencia letrada ineficaz, o

3)     el imputado resultó perjudicado debido a una conducta indebida por parte de la Fiscalía Federal.

El imputado renuncia además a su derecho de apelar la pena impuesta que esté por debajo o dentro de la escala penal una vez se le revoque la libertad vigilada en esta causa, excepto donde el imputado objete sin éxito al grado de quebrantamiento que aplique el Juez durante las diligencias de revocatoria de la libertad vigilada. En ese caso, esta renuncia no aplica y el imputado podría apelar la pena impuesta basado en la revocatoria de la libertad vigilada aún y cuando esa condena esté por debajo o dentro de la escala penal que calcule el Juez.

El imputado renuncia además al derecho de apelar la negación de todo pedimento radicado según el artículo 3582(c)(1)(A) del Capítulo 18 del Código Federal donde dicha negación sea en parte por decisión del juez de que no se justifica una reducción de la condena según los factores establecidos en el artículo 3553(a) del Capítulo 18 del Código Federal. Esta renuncia no le aplica a una apelación de un pedimento denegado según el artículo 3582(c)(1)(A)(i) donde el Juez de Distrito, al denegar el pedimento por alguna justificante del artículo 3553(a), no haya tenido en consideración los hechos que presuntamente demuestran que existen circunstancias extraordinarias o convincentes a la hora de analizar el artículo 3553(a).

## II.   ELEMENTOS DEL ILÍCITO

Las partes acuerdan que los siguientes son los elementos del ilícito a los cuales el imputado se declarará culpable:

*Primero*: el imputado era extranjero (no era ciudadano estadounidense) al momento presunto de la acusación formal,

*Segundo*: el imputado había sido deportado y expulsado de Estados Unidos previamente,

4

*Tercero*: el imputado entró a Estados Unidos a sabiendas y lo encontraron las autoridades, y

*Cuarto*: el imputado no había recibido el consentimiento de las autoridades legales competentes para solicitar la readmisión a Estados Unidos.

Nota: Las partes acuerdan que aplica la disposición de condena según el artículo 1326(b)(1) del capítulo 8 del Código Federal. Esto no es un elemento esencial del ilícito, sin embargo, es un factor a tomar en cuenta por parte del Juez al momento de la imposición de la pena. *Véase Almendarez-Torres contra la Fiscalía Federal*, 523 US 224, 235 (1998).

### III.   PENA MÁXIMA QUE PERMITE LA LEY

La pena máxima que permite la ley por quebrantar los Artículos 1326(a) y (b)(1) del Capítulo 8 del Código Federal es un máximo de 10 años de privación de libertad, hasta $250,000 de multa, o ambas, un máximo de tres años de libertad vigilada y $100 de recargo especial.

### IV.   REPERCUSIONES ADICIONALES

Esta condena podrá tener como resultado la suspensión de garantías constitucionales, incluidas, pero no limitadas al derecho de poseer armas de fuego, de ejercer sufragio, de ser funcionario público o de formar parte de un jurado. Si el imputado fuera extranjero, la condena podría resultar en la deportación de Estados Unidos o la reclusión indefinida si no existiera un país al cual el imputado podría ser deportado y que se le nieguen tanto la admisión a EEUU como la obtención de la ciudadanía estadounidense en el futuro.

### V.   ESTIPULACIÓN EN CUANTO A LOS HECHOS

Las partes acuerdan que existe un fundamento fáctico en sustento a la declaración del imputado que presentará conforme a este convenio resolutorio. El fundamento fáctico se establece a continuación. Se podrán incluir más abajo hechos adicionales, porque el Juez deberá, como parte de su metodología de imposición de pena, computar la escala penal recomendada por el delito de condena, tener en cuenta la conducta pertinente y

tomar en consideración otros factores establecidos en el artículo 3553 del Capítulo 18 del Código Federal pertinentes a estos cómputos y consideraciones. Si hubiere algún desacuerdo en cuanto a los hechos al momento de la firma del convenio resolutorio, estos constarán en el mismo y quedarán debidamente identificados.

Esta estipulación en cuanto a los hechos no impide que las partes de aquí en lo adelante le presenten al Juez hechos adicionales que no contradigan hechos a los cuales las partes han acordado y que sean pertinentes a la hora de realizar el cómputo de las escalas penales por parte del Juez, a otros factores del artículo 3553 del Capítulo 18 del Código Federal o a la decisión general del Juez al momento de imponer la pena.

Las partes estipulan que los siguientes hechos son verdaderos y correctos:

El imputado Richer Briyan Valle-Raudales es natural y ciudadano de Honduras, de 26 años, en virtud de haber nacido en Francisco Morazán, Honduras el 18 de febrero de 1996. La ocasión más reciente en la que el imputado entró ilegalmente a Estados Unidos fue por un lugar desconocido, en algún momento, en el 2021. Se determinó que el imputado había sido expulsado por última vez de Estados Unidos a Honduras el 30 de octubre de 2019 por Mesa, Arizona, posterior a una condena clasificada como un delito. El imputado no había solicitado el permiso del Procurador General de Estados Unidos para reingresar a Estados Unidos después de su última expulsión.

El 29 de abril de 2022, los funcionarios de Inmigración encontraron al imputado en Estados Unidos. El 17 de junio de 2022, el imputado le proporcionó una declaración jurada a las autoridades de Inmigración donde admitió que había entrado ilegalmente a Estados Unidos en algún momento en el 2021, que previamente había sido expulsado en el 2019 y que no había solicitado el permiso para reingresar a Estados Unidos desde su última expulsión.

El 24 de septiembre de 2019, en el Tribunal Federal de Primera Instancia del Distrito de Utah, en la causa número 2019-cr-00251, el imputado fue condenado por el delito de reingreso ilícito al país, en quebrantamiento al artículo 1326 del capítulo 8 del código

Federal, un delito por el cual no le impusieron un periodo de encarcelamiento y síi le impusieron 36 meses de régimen probatorio (*Probation*). El 29 de abril de 2022, cuando lo encontraron los funcionarios de Inmigración, se encontraba cumpliendo ese régimen probatorio. La causa de Utah ha sido trasladada recientemente al distrito actual del Distrito de Colorado en la causa número 22-cr-00240-DDD.

El 14 de junio de 2019, en el Tribunal del Tercer Distrito de Utah, Salt Lake City, Utah, al imputado lo condenaron por posesión de una sustancia regulada con intención de distribuirla, en quebrantamiento al artículo 58-37-8(1)(A)(III) del Código Penal de Utah, un delito de Clase C por el cual le impusieron una condena de privación de libertad suspendida de cero a cinco años y 36 meses de régimen probatorio con 150 días de cárcel adicionales impuesta. Número de causa 191903376.

## VI. CÓMPUTO DE LAS ESCALAS PENALES RECOMENDADAS Y NOTIFICACIÓN SOBRE EL ARTÍCULO 3553 DEL CAPÍTULO 18 DEL CÓDIGO FEDERAL

Las partes entienden que las escalas penales federales son únicamente recomendaciones, pero representan el punto inicial y de referencia para la imposición de la pena. Las partes entienden que la imposición de una pena en esta causa la rige el artículo 3553 del Capítulo 18 del Código Federal. Al momento de determinar la pena específica a imponer, el Juez deberá tomar en consideración siete factores. Uno de ellos es la escala penal computada por el Juez según las Pautas Federales de Sentencias emitidas por el Comité de Sentencias de EEUU. En asistencia al Juez con relación a esto, las partes establecen a continuación su estimado de la escala penal recomendada que indican las Pautas Federales de Sentencias. Hasta el punto en el que las partes no concuerden en cuanto al cómputo de la escala penal, lo que se informa a continuación identifica los temas en desacuerdo.

El cálculo de la escala penal a continuación es un estimado de buena fe entre las partes, pero es sólo eso. Las partes entienden que la Fiscalía tiene la obligación independiente de ayudar al Juez a la hora de determinar con precisión la escala penal

correcta. Hasta ese punto, la Fiscalía podrá presentar argumentos fácticos o de Derecho que puedan tener un impacto en el estimado a continuación.

A.  Según el artículo 2L1.2(a) el nivel inicial de delito es **8**.

B.  Características específicas del ilícito: aplica un aumento de **4 niveles** con respecto al nivel del delito porque el imputado cometió el delito en cuestión después de recibir una condena por el delito de reingreso ilícito al país. Artículo 2L1.2(b)(1)(A) del Manual de Pautas de Sentencias.

Aplica otro aumento de **4 niveles** con respecto al nivel del delito porque después que le ordenaran la deportación por primera vez, el imputado se dedicó a cometer ilegalidades que resultaron en que recibiera una condena por delito. Artículo 2L1.2(3)(D) del Manual de Pautas de Sentencias.

C.  No aplican ajustes por presencia de víctimas, por el papel jugado en el delito, por agrupaciones y/o por acusaciones múltiples.

D.  Por lo tanto, el nivel de delito ajustado sería **16**.

E.  El imputado debería recibir una reducción de tres niveles con respecto al nivel del delito por aceptar la responsabilidad penal conforme al art. 3E1.1. Por lo tanto, el nivel de delito total resultante sería **13**.

F.  Las partes entienden que el cómputo de la categoría de antecedentes penales del imputado es tentativo. El Juez es quien determina la categoría de antecedentes basándose en las condenas anteriores del imputado. Basándose en la información disponible para las partes actualmente, se estima que la categoría de antecedentes penales del imputado sería **III**.

G.  Suponiendo que los hechos de los antecedentes de los que las partes tienen conocimiento sean correctos, no aplicarían ajustes por delincuente profesional, estilo de vida criminal o delincuente habitual armado.

H.  <u>Reclusión</u>: La escala penal recomendada que resulta del nivel de delito **13** y la categoría de antecedentes penales mencionada con anterioridad es de **18 a 24**

meses de privación de libertad. Sin embargo, con el fin de ser lo más preciso posibles, como la categoría de antecedentes penales está por determinarse en este momento, el nivel de delito estimado con anterioridad perfectamente podría resultar en una escala de **12** meses (punto mínimo con categoría I) a **41** meses (punto máximo con categoría VI) de privación de libertad.

<u>Nota:</u> como se manifestó con anterioridad, la Fiscalía Federal acepta solicitar una desviación de un nivel por debajo de la escala penal a la luz de la resolución por la vía rápida. El rango de encarcelamiento que resulta de un nivel de delito **12** y una categoría antecedentes penales **III** sería de **15 a 21** meses de privación de libertad.

I. <u>Multa</u>: Conforme al artículo 5E1.2, con el nivel de delito estimado **12**, el rango de multas por este delito sería de $5500 a $55,000 más intereses y sanciones aplicables.

J. <u>Libertad vigilada</u>: Conforme al artículo 5D1.2, la libertad vigilada sería un mínimo de un año, pero no más de tres años.

Las partes entienden que, aunque el Juez tendrá en cuenta el estimado de la escala penal de las partes, el Juez deberá tomar su propia determinación con respecto a la escala penal que aplica. Al hacer esto, el Juez no tiene la obligación de hacerle honor a la postura de alguna de las partes. Las partes entienden que el Juez tiene la libertad, después de considerar y aplicar correctamente todos los factores del artículo 3553 del capítulo 18 del código Federal, de imponer una condena razonable que considere adecuada en el ejercicio de su discreción y que dicha condena podrá ser más corta que la que recomiendan las escalas penales (en duración o forma) dentro de la escala penal recomendada o por encima de la misma, que llegue e incluya el período de reclusión máximo que permite la ley, independientemente de todo cómputo o postura de alguna de las partes o de algún factor del artículo 3553 del capítulo 18 del código Federal.

9

## VII. **CONVENIO COMPLETO**

Este documento contiene el convenio completo entre las partes. No existen otras promesas, acuerdos, (o "acuerdos paralelos"), términos, medidas, entendimientos ni garantías expresas ni supuestas. Al firmar este convenio, ni la Fiscalía Federal ni el imputado se han basado ni se basan en algún término, promesa, medida o garantía que no esté expresamente incluida en este convenio.

Fecha: 9/6/22

Richer Briyan Valle-Raudales
Imputado

Fecha: 9/6/22

Jared Westbroek
Defensor Público Federal del Imputado

Fecha: 9/14/22

Albert Buchman
Subfiscal Federal

*Translated by Monica Licea-Castro, Federally Certified Court Interpreter, staff interpreter for the FPD of Colorado and Wyoming, on August 30, 2022.*