Case No. 22-cr-00226-DDD

*United States of America v. Richer Valle-Raudales*

# Exhibit A



# Quick Facts 📊⚖️
— *Illegal Reentry Offenses* —

### Fiscal Year 2020

▶ IN FY 2020, 64,565 CASES WERE REPORTED TO THE U.S. SENTENCING COMMISSION.

  ▶ 23,759 OF THESE INVOLVED IMMIGRATION OFFENSES.[1]

    ▶ 82.7% OF IMMIGRATION CASES INVOLVED ILLEGAL REENTRY.[2]

      ▶ ILLEGAL REENTRY OFFENSES HAVE INCREASED BY 24.3% SINCE FY 2016.

**Number of Illegal Reentry Offenders**



| FY 2016 | FY 2017 | FY 2018 | FY 2019 | FY 2020 |
|---|---|---|---|---|
| 15,813 | 15,895 | 18,241 | 22,077 | 19,654 |

**Top Districts for Illegal Reentry Offenders[3]**



| District | Count |
|---|---|
| Western District of Texas | 5,593 |
| Southern District of Texas | 4,426 |
| District of Arizona | 2,999 |
| District of New Mexico | 2,372 |
| Southern District of California | 530 |

This document was produced and published at U.S. taxpayer expense.
For more Quick Facts, visit https://www.ussc.gov/research/quick-facts.

### Offender and Offense Characteristics

- Illegal reentry cases decreased 11.0% in fiscal year 2020.

- 96.7% of illegal reentry offenders were men.

- 99.1% of illegal reentry offenders were Hispanic, 0.6% were White, 0.3% were Black, and almost none were Other races.

- Their average age was 36 years.

- 41.5% had little or no prior criminal history (Criminal History Category I);
  - 24.5% were CHC II;
  - 20.4% were CHC III;
  - 8.4% were CHC IV;
  - 3.4% were CHC V;
  - 1.8% were CHC VI.

- For offenders sentenced under the 2016 *Guidelines Manual* or later:
  - 30.3% of offenders received sentencing enhancements for a previous illegal entry conviction:
    ◊ 23.8% for a felony reentry offense;
    ◊ 6.5% for two or more convictions for misdemeanor illegal entry.

  - 17.4% of offenders received sentencing enhancements for a previous felony conviction other than illegal reentry or three misdemeanor drug trafficking/crime of violence convictions;
    ◊ 15.5% only received an enhancement for a conviction *before* the offender's first deportation;
    ◊ 12.6% only received an enhancement for a conviction *after* the offender's first deportation;
    ◊ 1.9% received enhancements for convictions *before and after* the offender's first deportation.

  - 85.6% received no enhancement for a previous non-illegal reentry felony conviction or three misdemeanor drug trafficking/crime of violence convictions.

- The top five districts where illegal reentry offenses comprised the highest proportion of the overall caseload were:
  - District of New Mexico (75.1%);
  - District of Arizona (71.0%);
  - Western District of Texas (67.2%);
  - Southern District of Texas (62.9%);
  - District of Utah (35.8%).

### Punishment

- The average sentence for all illegal reentry offenders was eight months.

- 96.9% of illegal reentry offenders were sentenced to prison.



www.ussc.gov
pubaffairs@ussc.gov
@theusscgov

*— Illegal Reentry Offenses —*

## Sentences Relative to the Guideline Range

- Of the 90.3% of illegal reentry offenders sentenced under the *Guidelines Manual*:

  - 73.5% were sentenced within the guideline range.

  - 22.2% received an Early Disposition Program (EDP) departure.[4]
    - Their average sentence reduction was 44.4%.

  - 4.1% received some other downward departure.
    - Their average sentence reduction was 42.3%.

- 9.7% received a variance; of those offenders:

  - 89.0% received a downward variance.
    - Their average sentence reduction was 44.9%.

  - 11.0% received an upward variance.
    - Their average sentence increase was 69.2%.

- The average guideline minimum and average sentence imposed decreased over the past five years.

  - The average guideline minimum decreased from 17 months in fiscal year 2016 to nine months in fiscal year 2020.

  - The average sentence imposed decreased from 14 months in fiscal year 2016 to eight months in fiscal year 2020.

### Sentence Relative to the Guideline Range (%)



### Average Guideline Minimum and Average Sentence (months)



### Sentence Imposed Relative to the Guideline Range FY 2020



[1] Immigration cases include cases sentenced under USSG §§2L1.1 (Smuggling, Transporting or Harboring an Unlawful Alien), 2L1.2 (Illegal Reentry), 2L2.1 (Trafficking in Documents Relating to Citizenship), 2L2.2 (Fraudulently Acquiring Documents Relating to Citizenship), and 2L2.5 (Failure to Surrender Canceled Naturalization Certificate).

[2] Illegal reentry involves cases in which the court applied USSG §2L1.2 as the primary sentencing guideline.

[3] Cases with incomplete sentencing information were excluded from the analysis.

[4] "Early Disposition Program (or EDP) departures" are departures where the government sought a sentence below the guideline range because the defendant participated in the government's Early Disposition Program, through which cases are resolved in an expedited manner. *See* USSG §5K3.1.

SOURCE: United States Sentencing Commission, FY 2016 through FY 2020 Datafiles, USSCFY16-USSCFY20.