Case No. 22-cr-00226-DDD

*United States of America v. Richer Valle-Raudales*

# Exhibit B



# Quick Facts
— *Illegal Reentry Offenses* —

## Fiscal Year 2019

▶ IN FY 2019, 76,538 CASES WERE REPORTED TO THE U.S. SENTENCING COMMISSION.

  ▶ 26,630 INVOLVED IMMIGRATION OFFENSES.[1]

   ▶ 82.9% OF IMMIGRATION CASES INVOLVED ILLEGAL REENTRY.[2]

    ▶ ILLEGAL REENTRY OFFENSES HAVE INCREASED BY 39.6% SINCE FY 2015.



**Number of Illegal Reentry Federal Offenders**

- FY 2015: 15,815
- FY 2016: 15,813
- FY 2017: 15,895
- FY 2018: 18,241
- FY 2019: 22,077

**Top Districts for Illegal Reentry Offenders**[3]



- Western District of Texas: 6,423
- Southern District of Texas: 3,827
- District of Arizona: 3,215
- District of New Mexico: 2,977
- Southern District of California: 730

For more Quick Facts, visit https://www.ussc.gov/research/quick-facts.

## Offender and Offense Characteristics

- Illegal reentry cases increased 21.0% in fiscal year 2019.

- 96.5% of illegal reentry offenders were men.

- 99.0% of illegal reentry offenders were Hispanic, 0.7% were White, 0.3% were Black, and almost none were Other races.

- Their average age was 36 years.

- 39.2% had little or no prior criminal history (Criminal History Category I);
  ♦ 23.2% were CHC II;
  ♦ 21.2% were CHC III;
  ♦ 9.8% were CHC IV;
  ♦ 4.1% were CHC V;
  ♦ 2.5% were CHC VI.

- For offenders sentenced under the 2016 *Guidelines Manual* or later:
  ♦ 31.7% of offenders received sentencing enhancements for a previous illegal entry conviction:
    ◊ 24.3% for a felony reentry offense;
    ◊ 7.4% for two or more convictions for misdemeanor illegal entry.

  ♦ 33.0% of offenders received sentencing enhancements for a previous non-illegal reentry felony conviction or three misdemeanor drug trafficking/crime of violence convictions;
    ◊ 17.1% only received an enhancement for a conviction *before* the offender's first deportation;
    ◊ 13.7% only received an enhancement for a conviction *after* the offender's first deportation;
    ◊ 2.3% received enhancements for convictions *before and after* the offender's first deportation;

  ♦ 67.0% received no enhancement for a previous non-illegal reentry felony conviction or three misdemeanor drug trafficking/crime of violence convictions

- Districts with the highest proportion of overall caseload comprised of illegal reentry offenses were:
  ♦ District of New Mexico (76.2%);
  ♦ Western District of Texas (67.5%);
  ♦ District of Arizona (62.1%);
  ♦ Southern District of Texas (54.9%);
  ♦ District of Delaware (31.1%).

## Punishment

- The average sentence for all illegal reentry offenders was nine months.

- 96.8% of illegal reentry offenders were sentenced to prison.



www.ussc.gov
pubaffairs@ussc.gov
@theusscgov

— *Illegal Reentry Offenses* —

## Sentences Relative to the Guideline Range

- Of the 92.0% of illegal reentry offenders sentenced under the *Guidelines Manual*:

  - 74.9% were sentenced within the guideline range.

  - 19.7% received an Early Disposition Program (EDP) departure.[4]
    - Their average sentence reduction was 39.9%.

  - 4.8% received some other downward departure.
    - Their average sentence reduction was 36.0%.

- 8.0% received a variance; of those offenders:

  - 84.7% received a below range variance.
    - Their average sentence reduction was 39.2%.

  - 15.3% received an above range variance.
    - Their average sentence increase was 80.9%.

- The average guideline minimum and average sentence imposed has decreased over the past five years.

  - The average guideline minimum decreased from 19 months in fiscal year 2015 to ten months in fiscal year 2019.

  - The average sentence imposed decreased from 16 months in fiscal year 2015 to nine months in fiscal year 2019.

**Sentence Relative to the Guideline Range** (%)



**Average Guideline Minimum and Average Sentence** (months)



**Sentence Imposed Relative to the Guideline Range FY 2019**



[1] Immigration cases include cases sentenced under USSG §§2L1.1 (Smuggling, Transporting or Harboring an Unlawful Alien), 2L1.2 (Illegal Reentry), 2L2.1 (Trafficking in Documents Relating to Citizenship), 2L2.2 (Fraudulently Acquiring Documents Relating to Citizenship), and 2L2.5 (Failure to Surrender Canceled Naturalization Certificate).

[2] Illegal reentry involves cases in which the court applied USSG §2L1.2 as the primary sentencing guideline.

[3] Cases with incomplete sentencing information were excluded from the analysis.

[4] "Early Disposition Program (or EDP) departures" are departures where the government sought a sentence below the guideline range because the defendant participated in the government's Early Disposition Program, through which cases are resolved in an expedited manner. *See* USSG §5K3.1.

SOURCE: United States Sentencing Commission, FY 2015 through FY 2019 Datafiles, USSCFY15-USSCFY19