Case No. 22-cr-00226-DDD

*United States of America v. Richer Valle-Raudales*

# Exhibit E



▶ THERE WERE 67,742 CASES REPORTED TO THE UNITED STATES SENTENCING COMMISSION IN FISCAL YEAR 2016.

▶ OF THESE CASES, 19,135 INVOLVED IMMIGRATION OFFENSES.[1]

▶ 82.6% OF IMMIGRATION CASES INVOLVED ILLEGAL REENTRY.[2]

### Illegal Reentry Offenses

In fiscal year 2016, there were 15,744 offenders convicted of illegal reentry, accounting for 82.6% of all immigration offenders sentenced under the guidelines. The number of illegal reentry offenders has decreased 18.2% over the last five years.

### Offender and Offense Characteristics

- In fiscal year 2016, most illegal reentry offenders were male (96.2%).

- The majority were Hispanic (98.7%), followed by Black (0.6%), White (0.6%) and Other Races (0.1%).

- The average age of these offenders at sentencing was 36 years.

- The most common Criminal History Category for these offenders was Category I (28.6%). The proportion of illegal reentry offenders in other Criminal History Categories were as follows:

    ♦ 22.2% of these offenders were in Category II;
    ♦ 24.6% were in Category III;
    ♦ 13.8% were in Category IV;
    ♦ 6.4% were in Category V; and
    ♦ 4.4% were in Category VI.

- Illegal reentry sentences were increased in 65.6% of all cases because of the offender's criminal history pursuant to section 2L1.2 of the sentencing guidelines. The increases were:

    ♦ four levels in 32.4% of these offenses;
    ♦ eight levels in 7.4% of these offenses;
    ♦ 12 levels in 6.8% of these offenses; and
    ♦ 16 levels in 19.0% of these offenses.

### Punishment

- The majority of illegal reentry offenders were sentenced to imprisonment (97.7%).

- The average sentence length for illegal reentry offenders was 14 months.



**Number of Illegal Reentry Offenders**

| FY12 | FY13 | FY14 | FY15 | FY16 |
|------|------|------|------|------|
| 19,257 | 18,498 | 16,556 | 15,715 | 15,744 |

| Top Five Districts Illegal Reentry Offenders FY 2016 |
|---|
| District of New Mexico (N=3,977) |
| Southern District of Texas (N=3,264) |
| Western District of Texas (N=2,837) |
| District of Arizona (N=2,089) |
| Southern District of California (N=569) |

---

[1] Immigration cases include cases with complete guideline application information sentenced under USSG §§2L1.1 (Smuggling, Transporting or Harboring and Unlawful Alien), 2L1.2 (Illegal Reentry), 2L2.1 (Trafficking in Documents Relating to Citizenship), 2L2.2 (Fraudulently Acquiring Documents Relating to Citizenship), and 2L2.5 (Failure to Surrender Canceled Naturalization Certificate).

[2] Illegal reentry involves cases in which the court applied USSG §2L1.2 as the primary sentencing guideline. Only cases for which the Commission received complete sentencing information are included in this analysis.



# Quick Facts

# Illegal Reentry Offenses

## Sentences Relative to the Guideline Range

- For each of the past five years, more than half of illegal reentry offenders were sentenced within the guideline range.

- About one-quarter (24.9%) of illegal reentry offenders received a sentence below the applicable guideline range because the government sponsored the below range sentence in fiscal year 2016.

  - Early Disposition Program (EDP) departures were granted in 22.5% of illegal reentry cases. [3]
    - These offenders received an average reduction of 47.3% in their sentence.

  - Other government sponsored below range sentences were imposed in 2.0% of illegal reentry cases.
    - These offenders received an average reduction of 44.6% in their sentence.

- The rate of non-government sponsored below range sentences increased from 11.8% of illegal reentry cases in fiscal year 2012 to 14.2% in fiscal year 2016.

  - The average reduction for these offenders in fiscal year 2016 was 42.3%.

- The average sentence and the average guideline minimum for illegal reentry offenders have decreased over the last five years.

  - The average sentence decreased from 19 months in fiscal year 2012 to 14 months in fiscal year 2016;

  - The average guideline minimum decreased from 22 months in fiscal year 2012 to 17 months in fiscal year 2016.
    - Over the last five years, fewer illegal reentry offenders received a 16-level increase in their offense level based on criminal history (from 24.8% of all illegal reentry offenders in fiscal year 2012 to 19.0% in fiscal year 2016).
      - A greater percentage of illegal reentry offenders received no increase in their offense level (from 25.3% in fiscal year 2012 to 34.4% in fiscal year 2016).
    - Fewer illegal reentry offenders were also assigned to the highest Criminal History Category (from 5.4% in fiscal year 2012 to 4.4% in fiscal year 2016).
      - This corresponds with an increase in offenders assigned to the lowest Criminal History Category (from 18.3% in fiscal year 2012 to 28.6% in fiscal year 2016).







---

[3] "Early Disposition Program (or EDP) departures" are departures where the government sought a sentence below the guideline range because the defendant participated in the government's Early Disposition Program, through which cases are resolved in an expedited manner. *See* USSG §5K3.1.

SOURCE: United States Sentencing Commission, 2012 through 2016 Datafiles, USSCFY12-USSCFY16.

*For other **Quick Facts** publications, visit our website at www.ussc.gov/research/quick-facts.*



One Columbus Circle, N.E.
Suite 2-500, South Lobby
Washington, DC 20002-8002
T: (202) 502-4500
F: (202) 502-4699
www.ussc.gov
@theusscgov