IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  22-cr-00226-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHER BRIYAN VALLE-RAUDALES,

    Defendant.

## RESPONSE TO THE DEFENDANT'S OBJECTIONS TO THE DRAFT PRE-SENTENCE REPORT

The United States of America, by and through Cole Finegan, United States Attorney for the District of Colorado and Albert Buchman, Assistant United States Attorney, respectfully files this response in opposition to the defendant's Objections to the Draft Presentence Investigation Report, ECF 30.

Response to Objection 1, regarding paragraphs 12: The defendant's objection to the facts detailed in paragraph 12 do not impact the advisory range. *See* Fed. R. Crim. P. 32((f)(3)(B). The government agrees with probation's response in its addendum, ECF 33. The report submitted as an exhibit, ECF 33-1, is sufficiently detailed, supporting the probable accuracy of the relevant information contained. *See United States v. Padilla*, 793 F. App'x 749, 757 (10th Cir. 2019) (articulating considerations in assessing a police report's reliability).

1

Response to Objection 2, regarding paragraph 74: The defendant's objection impacts the advisory guideline range, as he asks for departures on two grounds.

The defendant's request for a departure under USSG § 5K2.12 is based on a nonspecific threat of gangs and violence in Honduras. *See* ECF 30, pp. 2-3. Section 5K2.12 departures cannot be based on generalized fear but must be based on specific threats. *United States v. Cotto* 347 F.3d 441, 445 (2nd Cir. 2003), *United States v. Harvey*, 516 F.3d 553, 557 (7th Cir. 2008); *United States v. King*, 280 F.3d 886, 890 (8th Cir. 2002); see *also United States v. Gallegos*, 180 F.3d 1204, 212 (10th Cir. 1997) (declining departure because there was no record of non-generalized threats). Unlike the defendant in *United States v. Ortega-Mendoza* who submitted affidavits detailing danger to him in El Salvador and also had visible scars to confirm, the defendant here provides nothing beyond unspecified statements and news links in his objection. 981 F. Supp. 694, 695 (D.D.C. 1997). *See also* ECF 32, Part C: Offender Characteristics (no evidence of danger motivating reentry into the United States).

The defendant's also requests a departure under USSG § 4A1.3(b) based on "policy reasons" against the inclusion of two criminal history points at USSG § 4A1.1(d) applied in this case. ECF 30, pp. 3-4. As it stands, the Sentencing Commission has not revised the points structure at § 4A1.1. The Court should not base a departure on speculation that they will do so in the future—rather it should only do so, by the plain text of § 4A1.3(b), when there is *reliable information* indicating overrepresentation. The government agrees with probation's reasoning

that the defendant's criminal history category is not substantially overrepresented. *See* ECF 33.

        DATED this 15th day of February, 2023.

        COLE FINEGAN
        United States Attorney

        *s/ Albert Buchman*
        ALBERT BUCHMAN
        Assistant United States Attorney
        United States Attorney's Office
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        Telecopier: (303) 454-0403
        E-mail: Al.Buchman@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on February 15, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                s/ *Lauren Timm*
                Legal Assistant
                United States Attorney's Office