IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00226-DDD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RICHER BRIYAN VALLE-RAUDALES,
  a/k/a Richer Brayan Valle-Raudales,

        Defendant.

---

## RESPONSE TO THE DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

---

The United States of America, by and through Cole Finegan, United States Attorney for the District of Colorado, and Albert Buchman, Assistant United States Attorney, respectfully submits this response to the defendant's Sentencing Memorandum and Motion for Downward Variance/Departure to Sentence of Eight Months Imprisonment, ECF 31. The government agrees that the Court grant the defendant's request for a variant sentence of eight months' imprisonment but not on the grounds he asserts.

In the companion probation revocation to which the defendant has agreed to admit, District of Colorado Case No. 22-cr-00240-DDD, the government recommends a consecutive four-month prison sentence. A 12-month overall prison sentence in the

defendant's two cases is sufficient, but not greater than necessary, to comply with 18 U.S.C. § 3553(a).[1] The government is not requesting supervised release terms.

## I.     A 12-month overall sentence is justified under § 3553(a).

At its core, 8 U.S.C. § 1326 is a deterrence statute promulgated to enforce civil immigration regulation. *See, e.g.*, *United States v. Hernandez-Baide*, 392 F.3d 1153, 1158 (10th Cir. 2004), overruled on other grounds by *Hernandez-Baide v. United States*, 544 U.S. 1015 (2005); *United States v. Hernandez-Guerro*, 147 F.3d 1075, 1078 (9th Cir. 1998). To date, the defendant has been previously removed from the United States three times, returning to the United States again-and-again in defiance of immigration orders. ECF 32, ¶ 19. In the defendant's prior illegal reentry case, he was granted probation and was quickly deported. *Id.* ¶ 31. It is of little surprise that the defendant has snubbed his nose at this nation's laws, even resisting immigration authorities on his arrest here, *see id.*, ¶ 12 (the defendant objects to this fact in ECF 30, pp. 1-2)—he has never served a prison sentence despite sustaining two previous felony convictions while in this country illegally. In the government's view he has never been sufficiently deterred by his lenient probation sentences.

Thus, any prison sentence here will be his first, and in that context 12 months' incarceration is substantial and probation's request, *see* fn. 1, *supra*, while not unreasonable, is greater than necessary. To that end, the government acknowledges

---

1     Probation requests a 15-month prison sentence in the instant case, ECF 32-1, and a six-month consecutive prison sentence in District of Colorado Case No. 22-cr-00240-DDD, ECF 7, p. 3, for an overall 21-month prison sentence. Probation also requests a supervised release term.

the defendant's assertion that the facts of this case do "not involve any allegations of violence, drugs, terrorism, or any other aggravating factor that might ordinarily warrant a higher sentence under the Sentencing Guidelines," ECF 31, p. 10, but with recognition that his previous criminal history does enhance his guideline offense level. *See* ECF 32, ¶ 20. A 12-month overall prison sentence would serve to impress upon him and promote the need to comply with civil immigration laws as well as deter him from future reentry, where his previous illegal reentry probation sentence did not. 18 U.S.C. § 3553(a)(2)(A) and (B); *see also* ECF 32, ¶ 31. Furthermore, "general deterrence" or "the need to deter others" is always a key component of sentencing, *United States v. Walker*, 844 F.3d 1253, 1257-1258 (10th Cir. 2017), and 12 months' is a sufficient sentence given the defendant's history when viewed by others. The defendant is a young man on his third felony conviction, and the government sincerely hopes that he corrects his behavior before he is caught in the cycle of illegal reentries.

The government strenuously disagrees with the defendant's reasoning for his sentence request. The defendant argues that § 1326's "shameful and uncomfortable history" is relevant to § 3553(a). ECF 31, pp. 2-3, 5, 7-10. Moreover, he cites "stark" statistics arguing that uneven outcomes paint a pattern of the targeting of the class with which he shares. *Id.*[2]

---

2     The defendant states boldly that Hispanic and non-Hispanic immigrants have disparate sentences, the latter enjoying "non-existent" sentences. *See* ECF 31, p. 6. He goes so far as to state that this disparity "is the direct result of an intentional decision made by legislators to criminalize 'undesirable immigrants.'" *Id.* Yet, he cites no authority for these propositions.

To be sure, the defendant fails to consider the likelihood that these statistics are due to other factors that stand apart from discrimination, such the simple geography of sharing a 2000-mile

The government asserts these arguments are simply untenable because § 1326 (as well as § 3553(a) and the guidelines) is *facially race-neutral*. On that basis, the law as written cannot be the culprit for the supposed outcomes the defendant claims. Rather, the government believes the defendant's argument are really aimed at persuading the Court to view § 1326 as a deliberately designed discriminatory system.

This is all to promote *disrespect* for the law. *Id.*, pp. 9-10 ("Should the Court . . . promote respect for a law grounded in racist and eugenicist beliefs about the inferiority of Hispanics . . . Certainly not."). This argument is in direct contradiction of the plain language of § 3553(a)(2)(A) (stating affirmatively a "need" to promote respect). *See Gall v. United States*, 552 U.S. 38, 54 (2007) (characterizing the government's concern that a lenient sentence would promote disrespect as "legitimate"). Unsurprisingly, the government has found no case law permitting federal courts to decline enforcement of substantive criminal law under § 3553(a). The defendant's citations, *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Spears v. United States*, 555 U.S. 261 (2009), do not stand for that proposition either, as both are focused on variances to correct disparities in the drug guidelines, not enforcement of the statutory criminal law itself.

---

southwest border. *See DHS v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1915-16 (2020) (pl. op.) (finding disparate impact of DACA rescission for Latinos from Mexico—totaling 78 percent of DACA recipients—did not establish plausible equal protection claim; "because Latinos make up a large share of the unauthorized alien population, one would expect them to make up an outsized share of recipients of any cross-cutting immigration relief program").

Indeed, a congressional enactment will be invalidated only upon a showing that Congress has exceeded its constitutional bounds, *United States v. Morrison*, 529 U.S. 598, 607 (2000), a claim the defendant has not made.[5] Furthermore, the defendant's argument is based on national-origin and race, which constitute impermissible sentencing factors. *E.g.*, *United States v. Osorio*, 995 F.3d 801, 822 (11th Cir. 2021) (national origin); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992); *see also United States v. Sayad*, 589 F.3d 1110, 1116-17 (10th Cir. 2009) (discussing review of impermissible sentencing factors). This Court is only faced with sentencing, and "sentencing involve[s] application of binding law … to give effect to congressional policies." *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006). Section 1326 is not a mere "trespass" or "status" offense, *see* ECF 31, pp. 5, 7 (defendant's characterization as such); at its core, it is a deterrence statute promulgated to enforce civil immigration regulation. *See, e.g.*, *Hernandez-Baide*, 392 F.3d at 1158, *Hernandez-Guerro*, 147 F.3d 1075 at 1078. Accordingly, the Court should give effect to that deterrence in imposing a sentence to promote *respect* for the law, and accordingly decline to vary based on the defendant's proposal to nullify § 1326.

---

5   Five District of Colorado judges have already ruled § 1326 constitutional against equal protection challenges utilizing "racist origins" arguments assumed as true by the defendant's arguments here: District of Colorado Case Nos. 21-cr-00310-PAB (Brimmer, CJ.), 21-cr-00337-WJM (Martinez, J.), 21-cr-00406-RM (Moore, J.), 21-cr-00123-CMA (Arguello, J.), 22-cr-00018-RMR (Rodriguez, J.). Countless federal district courts though out the nation have done similarly, with one lone district court in Nevada to find the statute unconstitutional.

The defendant also argues that the Court should consider a lack of rehabilitative benefits in federal prison, presumably pursuant to 18 U.S.C. § 3553(a)(2)(D). Without considering the merits underlying this argument, the government asserts that the 10th Circuit has interpreted 18 U.S.C. § 3582(a) as barring "consideration of rehabilitation in setting a prison term 'absolutely.'" *United States v. Story*, 635 F.3d 1241, 1244-1248 (10th Cir. 2011).

## II.     **A consecutive probation revocation sentence is warranted.**

The defendant has agreed to admit to a Grade C violation in District of Colorado Case No. 22-cr-00240-DDD at ECF 12. In that case, the defendant did not receive imprisonment outright, ECF 31, ¶ 31. Rather, he was subject to probation with a special condition that he remain outside the United States. District of Colorado Case No. 19-cr-00232, ECF 1, Ex. 1 (judgment). He failed to abide by that condition by reentering the country, the violation for which the Court is sentencing here. *Id.*, ECF 4. Any sentence imposed in that case should not be construed as punishing the same conduct as this case—the defendant's current reentry into and status in the United States. Rather, the sentence should punish the defendant's prior reentry into the United States, and a subsequent breach of the Court's trust when the defendant defied the privilege of probation. *See id.* A consecutive sentence both independently sanctions the defendant's acts as well as further promotes compliance with the law and deterrence under 18 U.S.C. § 3584 and 3553(a), and USSG § 7B1.3(f).

## III. Conclusion

The government respectfully requests that the Court grant the defendant's request for a variance but not on the grounds he asserts. The government requests the Court impose eight months' here and four months' consecutive in District of Colorado Case No. 22-cr-00240-DDD, leading to an overall sentence of 12 months' imprisonment. These sentences are sufficient, but not greater than necessary, to accomplish the goals set forth in 18 U.S.C. § 3553(a).

Dated this 15th day of February, 2023.

Respectfully submitted,

COLE FINEGAN
United States Attorney

*s/ Albert Buchman*
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: al.buchman@usdoj.gov

Attorney for the Government

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 15, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                *s/ Lauren Timm*
                Lauren Timm
                Legal Assistant
                United States Attorney's Office